WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Pryle,<br><br>      Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>      Defendant. | No. CV-22-00686-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' stipulation to an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 28).

"A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Here, the totality of the parties' discussion regarding Plaintiff's entitlement to fees under the EAJA is: "the parties stipulate that Plaintiff be awarded … $5897.25…. such award should not be … construed as a concession by the Commissioner that her original decision denying benefits was not substantially justified." (Doc. 28 at 1-2).

Previously, this Court remanded this case to the social security administration for further proceedings. (Doc. 26). Accordingly, the Court finds that Plaintiff is the prevailing

party.

Regarding prong two, the Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, but simultaneously tell the Court that the Court may not construe the stipulation as a concession that the Government's position was not substantially justified, is an ambiguous legal position. Nonetheless, by failing to oppose fees, the Court finds the Government has failed to carry its burden to prove that its position was substantially justified or that special circumstances make an award unjust. *Russell*, 930 F.2d at 1445; *see also Michele M.*, 2020 WL 5203375, at *1.

Finally, the Court should award only reasonable fees. Here, the Court has not been provided with a billing statement. Thus, the Court does not know the rate charged or the hours expended. Nonetheless, the Court finds that the Government, by the stipulation, has conceded that the amount of fees sought in this case are reasonable.

Plaintiff's counsel states in the stipulation that Plaintiff has signed an assignment of any award of fees to counsel. The Court has not been provided with a copy of the assignment. Nonetheless, the Court will accept Plaintiff's counsel's representation that such an assignment is available in her records for review if this representation is ever disputed.

Based on the foregoing,

**IT IS ORDERED** granting the stipulation (Doc. 28) such that fees in the amount of $5,897.25 and expenses in the amount of 0 as authorized by 28 U.S.C. § 2412, and costs

in the amount of 0 as authorized by 28 U.S.C. § 1920, are awarded to Plaintiff subject to the terms of the Stipulation.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.[1]

Dated this 20th day of October, 2023.

_James A. Teilborg_
Senior United States District Judge

---

[1] This award is without prejudice to Plaintiff seeking attorneys' fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.